Compiler of Laws

FILED
SUPERIOR COURT
OF GUAM

'03 AUG 23 PM 4: 45

CLERK OF COURT

By_____ _____

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| MARIANAS DRILLING, INC., | ) | CIVIL CASE NO. CV973-09 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **FINDINGS OF FACT AND** |
| BONGJUL CORPORATION dba SUN JIN | ) | **CONCLUSIONS OF LAW** |
| HEAVY EQUIPMENT RENTAL, MIN | ) | |
| JUNG CHONG, YUN JUM LEE and | ) | |
| SAMUEL N. SPARKS, | ) | |
| | ) | |
| Defendants. | ) | |

This case arises out of a contract to drill at water well dated November 17, 2003. Marinas Drilling performed its obligations under the contract. Defendants failed to pay the full price. Around May 6, 2006, Bonjul Corporation reaffirmed its obligations to pay under the contract. During the bench trial the parties stipulated that the deposition transcript of Samuel Sparks would be admitted into evidence.

## FINDINGS OF FACT

In a bench trial, the Court is the trier of fact and is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *United States v. Bale*, 813 F .2d 1289, 1293 (4th Cir. 1987). The Court has both the right and duty to weight the evidence and to draw reasonable and rational inferences from the facts in evidence, including circumstantial evidence. *State v. Halmos*, 755 P.2d 1226, 1227 (Haw. 1988). The trial court is afforded deference and due regard in determining the credibility of witnesses. *Jenkins v. Montallana*, 2007 Guam 12, ¶9;*Town House Dep't Stores, Inc. v. Hi Sup Ahn, et al*, 2000 Guam 32, ¶13.

The Court now enters the following Findings of Fact.

1.      Min Jung Chong started Sun Jin Heavy Equipment Rental as a sole proprietorship in 1991.

2.      In 1991 Defendants filed Articles of Incorporation with the Department of Revenue & Taxation, Government of Guam.

3.      The Articles of Incorporation listed, among other things, Samuel Sparks of the Secretary/Treasurer and Yun Jum Lee as a vice president. See Exhibit 3 attached to deposition of Samuel Sparks.

4.      Samuel Sparks resigned as the secretary/treasurer around April, 2010.

5.      The Articles of Incorporation provided "[t]he Treasurer shall keep and maintain, or cause to be kept or maintained, adequate and correct accounts of the properties and business transactions of the corporation...[t]he treasurer shall deposit all moneys and other valuables in the name and credit of the corporation with such depositories as may be designated by the board of the directors... Exhibit 3, Article VII, Section 10 attached to deposition of Samuel Sparks.

6.      Contrary to the obligations imposed by the Articles of Incorporation, the treasurer never maintained the accounts of the corporation. Samuel Sparks deposition admitted into evidence (hereinafter Samuel Sparks deposition") at page 28.

7.      The only person with authority to sign checks on behalf of the Bonjul Corporation was Min-Jong Chon. Deposition of Samuel Sparks Deposition at 28.

8.      The treasurer never paid for his shares of the corporation. Samuel Sparks Deposition at 24.

9. The treasurer had no knowledge of weather Yun Jum Lee ever paid for her shares in the corporation. Samuel Sparks Deposition at 25.

10. Defendants did not conduct annual shareholder's meetings or annual director's meetings.

11. Min Jung Chong ran the corporation like a sole proprietorship in that Min Jung Chong made all the decisions and could not be outvoted. Samuel Sparks Deposition at 39.

12. On November 17, 2003, Defendants, through Samuel Sparks, accepted Marianas Drilling's offer to drill a well for the amount of $118,221.99. Plaintiff's Exhibit 1; Samuel Sparks Deposition at 41-42.

13. The project was completed on February 2, 2007 when the Guam Environmental Protection Agency issued the operating permits. Testimony of Cesar Calzada at 10:21.

14. Prior to the project's completion, Defendants around May 5, 2006, reaffirmed in writing its obligations to the contract. Testimony of Cesar Calzada at 10:21.

15. Samuel Sparks, designated Treasurer and Secretary, was satisfied with the work provided by Marianas Drilling. Deposition of Samuel Sparks at 43.

16. Defendants made a partial payment of $28,240.49. Plaintiff's Exhibit 3; the remaining balance of 89,981.50 was not paid.

## CONCLUSIONS OF LAW

1. In order to be successful in a breach of contract claim a plaintiff must prove (1) there is a contract; (2) the plaintiff performed his or her obligations; (3) defendant breached the contract; and (4) the breach resulted in damage to plaintiff. Marianas Hospitality Corp. v. Premier Business Solutions. Inc., 2009 WL 750247, *9 (D. Guam 2009).

2.      Samuel Sparks conceded that Bonjul Corporation accepted Marianas offer of November 17, 2003 and that Marianas Drilling performed its obligations under the contract.

3.      Bonjul Corporation failed and breached its obligation to pay the remaining balance of $89,981.50 and is therefore liable to Marianas Drilling for the amount of $89,981.50.

4.      The Defendants have asserted that the Plaintiff's claims are barred by the applicable statute of limitation. Defendants cites to 7GCA Sec 11303(a) and Sec.11305(f) as a defense to the Plaintiff's complaint for breach of contract. The Plaintiffs assert that the statute of limitations was extended by the subsequent reaffirmation of the obligation executed by Lester Lum, an employee or agent of defendant. The court concludes that written confirmation executed on May 5, 2006 was sufficient to defeat the defense of the statute of limitations.

5.      The alter ego doctrine is applicable where the trial court determines, "(1) that there is such a unity of interest and ownership that the separate personalities of the corporation and the individuals no longer exist and that failure to disregard the corporation would result in fraud or injustice." Guam Economic Development Authority et. al. v. Island Equipment Company, 1998 Guam 7.

6.      In the instant case, Min Jung Chong, while attempting to hide behind Bonjul Corporation, ran the business as a sole proprietorship. Ms. Chong controlled the finances to the extent that the treasurer had no idea about the finances of the Sun Jin Heavy Equipment Rental. Ms. Chong maintained sole signatory authority for the issuance of checks. "Essentially[,] what she [Ms. Chong] said was law." Deposition of Samuel Sparks at 39.

7.  Bonjul Corporation is the alter ego of Min Jung Chong rendering Min Jung Chong responsible for the obligations of Bonjul Corporation.

8.  Min Jung Chong is liable to Marianas Drilling for the remaining balance of $89,981.50.

SO ORDERED:  AUG 2 3 2013 .



Original Signed By:
HONORABLE ARTHUR R. BARCINAS

**HONORABLE ARTHUR R. BARCINAS**
**JUDGE, Superior Court of Guam**

I do hereby certify that the foregoing
is a full, true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

AUG 2 3 2013

Cynthia T. Tiong
Deputy Clerk, Superior Court of Guam